UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAKARRHEA LISA NEWBERN MAZZARRI BEY, | ) ) ) | |
| Plaintiff, | ) ) | No. 19 C 7852 |
| v. | ) ) | Judge Sara L. Ellis |
| WILLIAM B. SULLIVAN, | ) ) | |
| Defendant. | ) | |

**ORDER**

The Court grants Defendant's motion to dismiss [14]. The Court dismisses this case with prejudice. Case terminated.

**STATEMENT**

Plaintiff Zakarrhea Lisa Newbern Mazzarri Bey, who is proceeding *pro se*, filed this lawsuit against Defendant William B. Sullivan, the state court judge presiding over a foreclosure action filed against Bey in the Circuit Court of Cook County. Bey alleges that Judge Sullivan is "practicing law from the bench" and seeks dismissal of the foreclosure action, an order disqualifying Judge Sullivan from "practicing law from the bench," and monetary damages.[1] Doc. 1 at 2. Judge Sullivan filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility

---

[1] Bey has included as an attachment an answer she filed in the foreclosure action, *Quicken Loans Inc. v. Bey*, 2019 CH 02847, in which she indicates she filed a notice of removal of the foreclosure action in federal court. The Court cannot locate the allegedly removed foreclosure action in this district and the filing of this case against Sullivan did not properly remove the foreclosure action to this Court.

[2] The Court arguably has subject matter jurisdiction over this case because Bey invokes at least one federal statute, 28 U.S.C. § 455, as a basis for her action.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Judge Sullivan argues that (1) judicial immunity bars all of Bey's claims, (2) the Court cannot dismiss the state foreclosure action, and (3) Bey has failed to state a claim. Initially, the Court agrees with Judge Sullivan that Bey's complaint does not make out a valid claim for his allegedly improper practice of law from the bench. Bey invokes 28 U.S.C. § 455, which provides that a federal judge must disqualify himself from proceedings "in which his impartiality might reasonably be questioned." But § 455 does not provide any rights to a party to a state court action, and so Bey cannot pursue a claim based on the alleged violation of this statute. *See Surgick v. Supreme Ct. of N.J., App. Div.*, No. Civ.A. 06-1433(JBS), 2006 WL 1084218, at *2 (D.N.J. Apr. 21, 2006) ("[T]he provisions of federal law speaking to judicial misconduct in 28 U.S.C. §§ 144 and 455, are applicable to federal judicial officers only[.]").[3] And to the extent the Court would have jurisdiction over a state law claim, the Court cannot consider her claim against Judge Sullivan based on the Illinois statute for substitution of judges because that statute provides requires that a petition for a judge substitution be made to the court in which the case is pending, not in a separate action in federal court. 735 Ill. Comp. Stat. 5/2-1001(b) ("An application for substitution of judge may be made to the court in which the case is pending, reasonable notice of the application having been given to the adverse party or his or her attorney.").

Further, absolute judicial immunity bars any claim Bey might have against Judge Sullivan related to the foreclosure action. Judges are absolutely immune from suit for "acts performed by the judge in the judge's *judicial capacity*." *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005) (citation omitted) (internal quotation marks omitted); *see also Pierson v. Ray*, 386 U.S. 547 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted) (internal quotation marks omitted). Bey repeatedly argues that Judge Sullivan lacks jurisdiction over the foreclosure action because she is a Moorish American citizen whose rights are governed by an ancient treaty between the United States and Morocco. Followers of the sovereign citizen movement "believe they have special common law rights that cannot be infringed by the government." *Szach v. Vill. of Lindenhurst*, No. 14 C 7441, 2015 WL 3964237, at *5 (N.D. Ill. June 25, 2015). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). Therefore, the Court cannot find that Bey's identification as a Moorish American deprived Judge Sullivan of jurisdiction over the foreclosure action, which clearly falls within the state court's original jurisdiction. *See Nationstar Mortg., LLC v. Canale*, 2014 IL App (2d) 130676, ¶ 18 (under Illinois law, a foreclosure case "falls within the general class of cases that the court has the inherent power to hear and determine"

---

[3] The Court also questions whether § 455 provides a private right of action but need not enter into that analysis for purposes of resolving Judge Sullivan's motion. *See Surgick*, 2006 WL 1084218, at *2 (§ 455 "give[s] no rise to a private right of action against a federal judge, let alone against a state judge."). *But see United States v. Patterson*, 292 F. App'x 835, 836 (11th Cir. 2008) (federal district court had jurisdiction to rule on recusal motion where a pending action existed before that court).

(citation omitted)). This means that judicial immunity bars any suit against Judge Sullivan related to the foreclosure action.[4] And because the Court fails to see a valid basis for a claim against Judge Sullivan, making amendment futile, the Court dismisses the complaint with prejudice. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013) (court can dismiss case deemed frivolous "to avoid burdening the court system with a future suit that should not be brought—anywhere").


Date: June 1, 2020                                              /s/ Sara L. Ellis_____

---

[4] Because the Court can dismiss Bey's complaint based on judicial immunity and failure to state a claim, the Court need not address Judge Sullivan's additional argument that the Court cannot dismiss the foreclosure action. The Court does note, however, that the Anti-Injunction Act would appear to bar this request. *See* 28 U.S.C. § 2283 (prohibiting a federal court from granting an injunction to stay proceedings in a state court "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments").